UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH VERRIER,

    Plaintiff,

  v.                                        Case No. 19-CV-1812

DR. PATRICK MURPHY,
NURSE A, NURSE B,
CHAD KREMER, JUSTIN ROBERTS,
KATHERINE SABLE, ZANON,
B. HOMPE, and C. O'DONNELL,

    Defendants.

---

# ORDER

Plaintiff Joseph Verrier, who is incarcerated at the Oshkosh Correctional Institution, filed a *pro se* civil rights action under 42 U.S.C. § 1983. Verrier is proceeding on a claim that defendants Nurse A, Nurse B, Sergeant Kramer, Sergeant Roberts, and Unit Manager Sable acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 12 at 13.) He is also proceeding on claims under the Americans with Disabilities Act and the Rehabilitation Act, against Dr. Murphy in his official capacity, based on allegations that his institution failed to accommodate his disability by providing him a low bunk low tier restriction which impaired his access to prison programs and activities. (*Id.* at 16.) Verrier has filed two "addendums" to the complaint (ECF Nos. 8, 13), a motion to appoint counsel (ECF No. 14), and a motion to preserve evidence (ECF No. 15).

In his first addendum to the complaint, Verrier seeks to add three new defendants (Zanon, Hompe, and O'Donnell) as well as assertions against defendants named in the original complaint. (ECF No. 8.) In his second addendum to the complaint, Verrier names Foster, Fofana, and Zanon as additional defendants, and he asserts that they, along with defendant Unit Director Sable acted with deliberate indifference to his medical need. Verrier is advised that he may not amend the complaint by filing "addendums" to the complaint. Rather, he must file a comprehensive amended complaint that is complete in itself, without reference to prior complaints. In addition, any amended complaint must be filed using the court's form complaint, which Verrier can obtain from his institution. Verrier is advised that he may amend his complaint once as a matter of course within twenty-one days after the defendants respond to the complaint. *See* Fed. R. Civ. P. 15(a). For any other amendment to the complaint, Verrier must file a motion to amend the complaint which describes the amendments along with a separate proposed amended complaint.[1]

Next, Verrier has filed a motion to appoint counsel. (ECF No. 14.) He states that he tried to find a lawyer on his own by contacting three private attorneys. Verrier also states that this case involves complicated civil rights issues, will required extensive discovery including depositions of witnesses and likely expert witnesses,

---

[1] The three individuals that Verrier named as additional defendants in his first addendum have been added to the case docket as defendants. The court will dismiss these defendants.

and that because he is incarcerated, he will be incapable of pursuing discovery or prosecuting this case.

In a civil case, there is no right to court-appointed counsel. However, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those

3

claims without counsel." *Pennewell*, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id*. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id*. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id*. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

It appears that Verrier has made a reasonable attempt to find a lawyer on his own and thus has satisfied the first prong for recruitment of counsel. However, Verrier's filings, which are advanced compared with other prisoners' filings, demonstrate that he can present his claims to the court and advocate for himself. And while, as a *pro se* prisoner, Verrier will be unable to depose the defendants, he may use other discovery methods to obtain information from the defendants. A *pro se* guide which sets forth guidance related to discovery will be mailed to Verrier along with this order. I find that Verrier is competent to represent himself during the pretrial phase of this case and I will deny without prejudice Verrier's motion to appoint counsel.

Lastly, Verrier has filed a motion to preserve evidence. (ECF No. 15.) He requests that the court compel the defendants to preserve certain evidence for discovery. Verrier is advised that he should direct this request to counsel for the defendants. Verrier may file a motion to compel with the court if he has a discovery dispute with the defendants, but only after trying to resolve the issue with the defendants first. Any motion to compel discovery should describe the efforts Verrier has made to resolve the issue without court involvement. Verrier's motion is premature.

**THEREFORE, IT IS ORDERED** that defendants Zanon, Hompe, and O'Donnell are **DISMISSED**.

Verrier's motion to appoint counsel (ECF No. 14) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Verrier a *pro se* guide, Answers to Prisoner Litigants' Common Questions, along with this order.

**IT IS FURTHER ORDERED** that Verrier's motion to preserve evidence (ECF No. 15) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2020.

**BY THE COURT:**

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge