UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH VERRIER,

    Plaintiff,

  v.                                                Case No. 19-CV-1812

DR. PATRICK MURPHY,
NURSE A, NURSE B,
CHAD KREMER,
JUSTIN ROBERTS, and
KATHERINE SABLE,

    Defendants.

## ORDER

      Plaintiff Joseph Verrier, who is incarcerated at the Oshkosh Correctional Institution, filed a *pro se* civil rights action under 42 U.S.C. § 1983. Verrier is proceeding on a claim that defendants Nurse A, Nurse B, Sergeant Kramer, Sergeant Roberts, and Unit Manager Sable acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Docket #12 at 13.) He is also proceeding on claims under the Americans with Disabilities Act and the Rehabilitation Act, against Dr. Murphy in his official capacity, based on allegations that his institution failed to accommodate his disability by providing him a low bunk low tier restriction which impaired his access to prison programs and activities. (*Id.* at 16.) Verrier has filed a motion for reconsideration of the court's May 22, 2020 order denying without prejudice his motion to appoint counsel. (Docket #20.)

      In support of his motion, Verrier states that, while he respects the court's decision to not recruit an attorney during the discovery phase of the proceedings, he would like to

amend his initial request and provide additional information for the court to consider either now or later. Verrier states that due to the Covid-19 pandemic, he has limited time in the prison law library and that the library no longer provides a designated law clerk to assist inmates. He also says that an equipment malfunction destroyed his document storage device and that the sole prison staff member capable of performing backup procedures has been absent for over 40 days. Verrier states that he anticipates discovery disputes with the defendants. Verrier references issues he is having with his cellmate that allegedly threaten his safety as an additional reason for recruiting him a *pro bono* lawyer.

I will construe Verrier's motion as a renewed request for appointment of counsel. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, I must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and

provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, I "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. I look at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

Finally, the fact that a plaintiff is currently serving a sentence for a crime ordinarily does not entitle him to court-recruited counsel that a similarly situated person who is not incarcerated would lack. It is important to note that *pro bono* resources are scarce in comparison to the number of cases brought by prisoners. In this district, there were 523 *pro se* prisoner lawsuits filed in 2019, a majority of whom would like the court to recruit counsel to represent them. According to the Pro Se Staff Attorneys, the court recruited only 33 attorneys to handle prisoner cases *pro bono* during that same period of time.

In this case, I denied Verrier's motion to appoint on May 19, 2020. (Docket #19.) I first determined that it appeared that he had made a reasonable attempt to find a lawyer on

3

his own and thus has satisfied the first prong for recruitment of counsel. (*Id.* at 4.) Next, I stated:

> However, Verrier's filings, which are advanced compared with other prisoners' filings, demonstrate that he can present his claims to the court and advocate for himself. And while, as a pro se prisoner, Verrier will be unable to depose the defendants, he may use other discovery methods to obtain information from the defendants. A pro se guide which sets forth guidance related to discovery will be mailed to Verrier along with this order. I find that Verrier is competent to represent himself during the pretrial phase of this case and I will deny without prejudice Verrier's motion to appoint counsel.

(*Id.*)

Based on Verrier's instant motion, I still find that he can proceed on his own, without a lawyer. I understand that the Covid-19 pandemic has created challenges at his institution. However, no deadlines are currently set in this case. Once the named defendants file a responsive pleading to the complaint, I will issue a Scheduling Order which will set deadlines for Verrier to identify the Doe defendants (Nurse A and Nurse B), as well as deadlines for the completion of discovery and for filing dispositive motions. I encourage Verrier to file a motion for extension of time if he needs additional time. I will therefore deny Verrier's motion for reconsideration.

# ORDER

**NOW, THEREFORE, IT IS ORDERED** that Verrier's motion for reconsideration (Docket #20) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of June, 2020.

BY THE COURT:

*Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge