# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH VERRIER,**

    Plaintiff,

  v.                                          Case No. 19-CV-1812

**DR. PATRICK MURPHY,**
**DAWN FOFANA,**
**CHAD KRAMER,**
**JUSTIN ROBERTS,**
**KATHERINE SABLE,**
**DANIELLE FOSTER,**
**SARAH TOWNE,**
**MICHELLE LEWIS,**
**ELAINE ANDERSON,**
**JENNIFER FELTZ, and**
**MICHAEL MILNER,**

    Defendants.

## ORDER

    Plaintiff Joseph Verrier, who is incarcerated at the Oshkosh Correctional Institution, filed a *pro se* civil rights action under 42 U.S.C. § 1983. On August 12, 2020, I screened the amended complaint and allowed Verrier to proceed on a claim that defendants Dr. Murphy, HSU Manager Fofana, HSU Manager Foster, Sgt. Kramer, Sgt. Roberts, Unit Manager Sable, Nurse Towne, Nurse Lewis, Nurse Milner, Nurse Anderson, and Nurse Feltz acted with deliberate indifference to his serious medical need in violation of the Eighth Amendment based on allegations that they knew about the challenges Verrier faced from being housed on an upper tier

(such as pain, falling, and soiling himself), but did not address his concerns. (Docket # 32 at 10.) I also allowed Verrier to proceed on claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) against Dr. Murphy in his official capacity based on allegations that the institution's special needs committee refused to give Verrier a low tier restriction. (*Id.* at 11.) Since I screened the amended complaint, Verrier has filed several motions and defendants have filed a motion to modify the scheduling order. I address all of these applications below.

1. *Motion to Compel*

On August 18, 2020, Verrier filed a motion to compel discovery, which is unsigned. (Docket # 34.) He moves to compel the defendants to preserve the video of his fall that took place on November 22, 2020. He says that the defendants claim that this video was not preserved and does not exist.

This motion is the first of several Verrier's pending motions that he did not sign. The Federal Rules of Civil Procedure require Verrier to sign his motions. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."). The Rules also state that I should "strike any unsigned paper unless the omission is promptly corrected after being brought to the attorney's or party's attention." *Id.*

Even if Verrier had signed his motion to compel, I would deny it because he does not certify that he conferred with the defendants before seeking court

2

intervention. *See* Fed. R. Civ. P. 37(a)(1). It would be futile to require Verrier to submit a signature page for his motion to compel. Thus, I will deny the motion.

2. *Motion for Order*

Verrier has filed a motion stating that he plans to file an affidavit for summary judgment and that the notary at his institution requests a court order to notarize any affidavit. (Docket # 35.) Verrier's motion is unsigned.

Although not entirely clear, it appears that Verrier wants the court to order him to submit an affidavit so that institution staff will provide notary services. However, Verrier is advised that an unsworn declaration under 28 U.S.C. § 1746 is equivalent to an affidavit for summary judgment purposes. *See Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011). An unsworn declaration should be signed and should conclude with: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]." As with his motion to compel, it would be futile to have Verrier sign his motion for order. I will therefore deny the motion.

3. *Motion to File Amended Complaint*

On August 18, 2020, Verrier filed a motion to amend the complaint along with a proposed second amended complaint. (Docket ## 36, 36-1.) In his motion to amend, Verrier describes that he wants to add claims against defendants that the court dismissed when it screened the amended complaint. Specifically, he clarifies that because Sergeant Sparks had the authority to move Verrier and could have prevented his falls, he states an Eighth Amendment claim against Sparks. (Docket # 36.) Verrier also clarifies that the inmate complaint process was the motivating factor for

3

Sergeant Roberts' alleged retaliatory behavior and that, therefore, he states a retaliation claim against Roberts. (*Id.*) He also says that he names other individuals with direct knowledge and authority to place him in suitable housing. (*Id.*) Verrier also states that the proposed amended complaint names Sarah Felts for a due process claim and that it names the Wisconsin Department of Corrections as a defendant. (*Id.*) The defendants oppose Verrier's motion. (Docket # 38.)

A district court should freely give leave to amend a complaint when justice requires. Fed. R. Civ. P. 15(a)(2); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Verrier's proposed second amended complaint is very similar to his first amended complaint, although the former pleading contains a few new allegations. Verrier's proposed second amended complaint attempts to bring claims that he raised in his first amended complaint, which I screened on August 12, 2020. (Docket # 32.) In that screening order, I did not allow Verrier to proceed against Sergeant Sparks

4

because he merely alleged that Sparks commented that he was aware of Verrier's issues and that Sparks had emailed Sgt. Kramer about Verrier's difficulties. I concluded that these allegations did not support a claim for deliberate indifference. (*Id.* at 10-11.) In his proposed second amended complaint, Verrier adds an allegation that Sparks had the authority to move him. (Docket # 36-1 at 6.) This allegation could support a deliberate indifference claim against Sparks given that Sparks had allegedly just seen Verrier's leg collapse under him and that Verrier allegedly told Sparks that he had pain and difficulty on the stairs and that he had soiled himself because of the problem. Thus, I will allow Verrier to proceed on an Eighth Amendment claim against Sparks.

In the order screening the first amended complaint, I did not allow Verrier to proceed on a claim that Sergeant Roberts retaliated against him for filing the original complaint in this case. (Docket # 32 at 12.) In his proposed second amended complaint, Verrier realleges that on April 8, 2020, Roberts told Verrier's roommate that "someone very close to you has snitched on you, I hate snitches." (Docket # 36-1 at 10.) Whether the protected activity was filing the complaint in this case or, as Verrier now states, filing a grievance at the institution, Verrier has not alleged that his actions were a motivating factor behind Roberts' alleged vague statement to Verrier's roommate. Thus, Verrier may not proceed on a retaliation claim against Sergeant Roberts.

Verrier also seeks to add a claim against defendant Sarah Felts for failing to preserve evidence. In the order screening the first amended complaint, I addressed

5

Verrier's motion to add a claim of destruction of evidence against Felts for failing to preserve the video of his November 22, 2019 fall down the stairs. (Docket # 32 at 13-14.) I stated that while Verrier did not state a separate claim for relief against Felts based on allegations that she destroyed evidence, he could file a motion to compel discovery regarding this evidence. (*Id.* at 14.) Again, Verrier may file a motion to compel. Before filing his motion to compel, he must try to resolve the issue with counsel for defendants and his motion to compel should describe these efforts. For example, Verrier could write a letter to counsel for defendants addressing their response to his discovery request. Verrier may not proceed on a separate claim in this case regarding these allegations against Felts.

Other than the Eighth Amendment claim against Sergeant Sparks, Verrier's proposed second amended complaint does not state any additional new claims for relief. I will grant Verrier's motion to amend and the second amended complaint will be the operative complaint. Verrier's claims are as follows: (1) Eighth Amendment claims against Dr. Murphy, HSU Manager Fofana, HSU Manager Foster, Sgt. Kramer, Sgt. Roberts, Unit Manager Sable, Nurse Town, Nurse Lewis, Nurse Milner, Nurse Anderson, Nurse Feltz, and Sgt. Sparks; and (2) ADA and RA claims against Dr. Murphy in his official capacity. All remaining claims and defendants will be dismissed.[1]

---

[1] On August 20, 2020, Verrier filed a proposed third amended complaint. (Docket # 37.) He did not file a motion along with the proposed pleading and, therefore, I will not consider it. *See* Civil L.R. 15(a) & (b) (E.D. Wis.).

6

*4. Defendants' Motion to Modify Scheduling Order*

The defendants have filed a motion to modify the scheduling order. (Docket # 48.) They request that the court extend the summary judgment deadline until 60 days after it screens Verrier's amended complaint. The court will grant the defendants' motion and extend the deadlines as set forth below.

*5. Verrier's Motion for Extension of Time*

Verrier has filed a motion for a thirty-day extension of time to the deadline for the completion of discovery. (Docket # 49.) Verrier's motion is unsigned. However, I will deny the motion as moot given the above-described modification to the scheduling order.

*6. Verrier's Motion to Serve Defendant Feltz*

Verrier has filed a motion for the Clerk of Court to serve defendant Jennifer Feltz, along with a copy of his first amended complaint and a summons form. (Docket ## 50, 50-1, 50-2.) Verrier's motion is unsigned. In any event, Verrier's request is moot because on September 11, 2020, a service packet was transmitted to the United States Marshals Service for service upon defendant Jennifer Feltz. (Docket # 47.)

*7. Verrier's Motion to Compel Discovery*

Verrier has filed a motion to compel discovery. (Docket # 52.) He states that he served each defendant with less than twenty requests for admission and that counsel for defendants informed him they would only respond to fifty total requests for admission, "per Rule 36(a)(1)." (Docket # 52 at 1.) Verrier states that the limit of fifty

7

should apply to each individual defendant. Verrier is correct. The court's Local Rules provide, "Any party may serve upon any other party no more than 50 written requests for admission." Civil L.R. 36(a)(1) (E.D. Wis.). In other words, Verrier may serve up to 50 requests for admission on each defendant. Verrier requests twenty admissions per defendant and the Local Rules allow this. I will therefore grant his motion to compel to the extent that the defendants respond to his discovery requests as the Local Rules permit.

8. *Verrier's Motion to Extend Schedule/Discovery*

On September 25, 2020, Verrier filed a motion to extend the discovery deadline so that he can conduct discovery as to the new defendants in his "modified complaint." (Docket # 53.) I have already granted the defendants' motion to modify the Scheduling Order. Thus, this motion is moot. Verrier may file a request for additional time, if needed.

9. *Verrier's Motions to Appoint Counsel*

Verrier has filed two motions to appoint counsel. (Docket ## 54, 55.) In the first motion, he states that he has secured through discovery documents establishing that some or all defendants were aware of his prior low tier restriction, ongoing pain, that the pain was obvious and they failed to take appropriate easily available accommodation of placing him on a low tier unit, that one defendant is not a DOC employee and he cannot conduct discovery, and that the defendants have destroyed or made unavailable previously requested culpable evidence. Based on these factors, Verrier requests counsel to complete discovery and identify all applicable issues. He

8

also states that as of September 21, 2019, due to the Covid-19 pandemic, his institution will not permit access to legal resources and materials, or access to the library.

In support of his second motion to appoint counsel, Verrier states that on October 3, 2020, Oshkosh Correctional Institution was placed on a "Covid lockdown." (Docket # 55.) He says that he has no access to legal resources.

On August 12, 2020, I denied without prejudice Verrier's renewed motion to appoint counsel. (Docket # 32 at 13.) I reviewed my prior orders denying his previous motion to appoint counsel and motion for reconsideration of my denial of that motion. Verrier has made a reasonable attempt to find a lawyer of his own. He is, however, very capable of litigating himself. As stated before, Verrier's filings are advanced compared with other prisoners' filings and they demonstrate that he can present his claims to the court and advocate for himself. The court understands that he faces additional challenges because of the Covid-19 pandemic. The court can make allowances for this by allowing Verrier more time, as needed, to conduct discovery and file and/or respond to a dispositive motion. However, I again conclude that Verrier can proceed on his own, without a lawyer, through the summary judgment stage. I will therefore deny without prejudice his requests for counsel.

10. *Verrier's Motion to Compel Injunctive Relief*

Verrier has filed a motion to compel injunctive relief. (Docket # 56.) He states that the Wisconsin Department of Corrections has terminated all phone calls, access to law library resources, ability to buy envelopes and copy legal materials, and ability

9

to attend court hearings via phone or video. Verrier requests an order compelling the Department of Corrections to facilitate federal and state court hearings and provide the means to conduct legal research, make phone calls, and purchase and receive envelopes, postage, and writing materials.

Verrier's request for injunctive relief is not related to the claims upon which he is proceeding in this case. Again, if Verrier needs additional time to complete discovery and/or respond to a dispositive motion for this case, he may file a motion for an extension of time from the court. However, I cannot grant him injunctive relief as requested.

### ORDER

**THEREFORE, IT IS ORDERED** that Verrier's motion to compel (Docket # 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Verrier's motion for order (Docket # 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Verrier's motion to file amended complaint (Docket # 36) is **GRANTED**. The proposed second amended complaint (Docket # 36-1) is the operative complaint. Verrier may proceed on the following claims: (1) Eighth Amendment claims against Dr. Murphy, HSU Manager Fofana, HSU Manager Foster, Sgt. Kramer, Sgt. Roberts, Unit Manager Sable, Nurse Towne, Nurse Lewis, Nurse Milner, Nurse Anderson, Nurse Feltz, and Sgt. Sparks; and (2) ADA and RA claims against Dr. Murphy in his official capacity. All remaining claims and defendants are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the proposed second amended complaint (Docket # 36-1) and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Sgt. Sparks. It is **ORDERED** that, under the informal service agreement, **the defendants shall file a responsive pleading to the second amended complaint within 30 days.**

**IT IS FURTHER ORDERED** that the defendants' motion to modify scheduling order (Docket # 48) is **GRANTED**. The new discovery deadline is **December 16, 2020**, and the new dispositive motion deadline is **January 18, 2021**.

**IT IS FURTHER ORDERED** that Verrier's motion for extension of time (Docket # 49) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Verrier's motion for Clerk to arrange service on defendant Feltz (Docket # 50) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Verrier's motion to compel discovery (Docket # 52) is **GRANTED** as described herein.

**IT IS FURTHER ORDERED** that Verrier's motion to extend schedule/discovery (Docket # 53) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Verrier's motion to appoint counsel (Docket # 54) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Verrier's motion to appoint counsel (Docket # 55) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Verrier's motion to compel injunctive relief (Docket #56) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2020.

**BY THE COURT**:

_____
NANCY JOSEPH
United States Magistrate Judge