UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH VERRIER,

                Plaintiff,

v.                                       Case No. 19-cv-1812-pp

DR. PATRICK MURPHY, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF CASE WITHOUT PREJUDICE (DKT. NO. 113) AND DENYING AS MOOT PENDING MOTIONS (DKT. NOS. 59, 60, 64, 65, 82, 88, 92, 95, 96, 97, 104, 105, 108)**

Joseph Verrier, who is confined at the Oshkosh Correctional Institution and is representing himself, filed this complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights ("Verrier I"). This decision grants the plaintiff's unopposed motion to voluntarily dismiss this case without prejudice and denies as moot all pending motions. Dkt. No. 113.

On July 13, 2021, the court issued an order addressing the complaint the plaintiff filed in Verrier v. Murphy, *et al.*, Case No. 21-cv-428-pp (E.D. Wis.) ("Verrier II"), which the plaintiff characterized as a new case to "accompany" the complaint he filed in this case, Verrier I. In the Verrier II complaint, the plaintiff explained that when he filed the complaint in Verrier I, he had not fully exhausted his administrative remedies; he said that the complaint in Verrier II "provide[s] an all-encompassing complaint to cover all the complete

1

administrative remedies exhausted." Verrier II, Case No. 21-cv-428-PP, Dkt. No. 10 at 3-4.

On July 13, 2021, the court addressed the Verrier II complaint as well as the plaintiff's request to consolidate Verrier I and Verrier II.

> In Verrier II, the plaintiff has filed a comprehensive complaint that includes all his allegations from the complaints he filed in Verrier I[1] along with new allegations. He asserts that he has fully exhausted administrative remedies for all the Verrier II allegations. The plaintiff correctly surmises that any claims from Verrier I that had not been exhausted when he filed that case likely would be subject to dismissal without prejudice on exhaustion grounds. See 42 U.S.C. §1997e(a); Chambers v. Sood, 956 F.3d 979, 984 (7th Cir. 2020) (premature lawsuit must be dismissed without prejudice, and prisoner must file a new suit after fully exhausting administrative remedies).
>
> While the court understands the plaintiff's desire to proceed in a single lawsuit that covers all his claims, it makes little sense to consolidate Verrier I and Verrier II as he suggests. Effectively, what the plaintiff has done in Verrier II is to file an amended complaint, but to file it as a separate case. The complaint in Verrier II covers all the Verrier I allegations and adds some. The defendant has named in Verrier II all the defendants he named in Verrier I[2] with one exception—in Verrier I he listed an unnamed correctional officer at Racine Correctional Institution who did something in 2016, although it is not clear what. Verrier I, Case No. 19-cv-1812, Dkt. No. 1 at 3. Based on the plaintiff's admission that he had not exhausted some of the claims he made in Verrier I before he filed that case, those claims are subject to dismissal. Consolidating the two cases would unnecessarily require the defendants to seek dismissal of exhausted claims, and then to respond to those same

---

[1] In Verrier I, the plaintiff's motion for leave to file a third amended complaint is pending. Dkt. No. 65. He also has filed several discovery-related motions.

[2] In the caption of the Verrier I complaint, the defendant listed a complaint examiner named T. Gillingham. While he did not list that complaint examiner in the caption of the complaint in Verrier II, he clearly intended Gillingham to be a defendant because he makes allegations against Gillingham in the body of the Verrier II complaint.

claims in the context of the more recent complaint. It would require the court to rule on the plaintiff's motion to amend the complaint in Verrier I when the complaint he filed in Verrier II covers the same claims and serves the same purpose. It would require the court to rule on motions that the complaint in Verrier II resolves, such as motions to name defendants that he appears to have named Verrier II.

The cleaner option would be for the plaintiff to voluntarily dismiss Verrier I and to proceed only in Verrier II. Although the court realizes that much water has passed under the Verrier I bridge (and that the defendants already have put time and effort into filing three answers in that case and responding to numerous discovery motions), the consolidation option would require continued litigation of motions already filed in Verrier I as well as litigation of whatever motions arise in Verrier II. The parties may use the discovery they already have collected—there will be no need to conduct discovery again on the claims raised in Verrier I. The court would give the parties time to conduct discovery on the newer claims raised in Verrier II.

The court will give the plaintiff the opportunity to voluntarily dismiss Verrier I without prejudice. If the court dismisses Verrier I without prejudice, the pending motions in Verrier I will be mooted, and the plaintiff can start over with fully exhausted claims in Verrier II. The court will screen the complaint in Verrier II and, once the defendants answer the complaint, will set a schedule for completing discovery and for filing dispositive motions.

Verrier II, Case No. 21-cv-428, Dkt. No. 10 at 4-6.

On July 19, 2021, the plaintiff filed a motion to voluntarily dismiss this case (Verrier I) without prejudice. Dkt. No. 113. The defendants do not oppose dismissal without prejudice. Dkt. Nos. 114, 115. The court will grant the plaintiff's motion and dismiss this case without prejudice. As described above, once the court issues a screening order in Verrier II and the defendants answer the complaint, the court will issue a scheduling order setting deadlines for the completion of any additional discovery and for filing dispositive motions.

3

In his motion for voluntary dismissal, the plaintiff asked the court to "transfer" to Verrier II all outstanding motions to compel discovery from Verrier I. Dkt. No. 113 at 1. He also asked that his outstanding discovery requests issued to the Wisconsin Attorney General be carried over to Verrier II and that the court require the defense to comply or respond. Id. at 2. The court will not "transfer" motions pending in Verrier I to Verrier II. In Verrier I, the plaintiff has filed four motions to compel discovery, two motions to name John Doe(s) and a motion to amend the complaint, among other motions. He filed one of his motions to compel and one of his motions to name John Does before he filed his motion to amend the complaint. Some of the requests in the plaintiff's motions to compel are redundant and some no longer may be necessary based on the defendants' responses to the motion, the plaintiff's complaint in Verrier II or the court's order screening the complaint in Verrier II. The parties already have engaged in discovery and the court will allow additional discovery, as explained above. The court encourages the plaintiff to review the discovery he already has from the defendants and await the court's screening order, the defendants' responsive pleadings and the court's scheduling order before filing any more motions.

Finally, the defendants have asked that after the court screens the complaint in Verrier II, the court allow counsel to make a specific request to limit further discovery on the defendants from Verrier I. The defendants may file a motion making a specific request limiting further discovery. The court will give the plaintiff the opportunity to respond before ruling on the request.

4

The court **GRANTS** the plaintiff's motion to voluntarily dismiss this case without prejudice. Dkt. No. 113.

The court **DENIES AS MOOT** pending motions. Dkt. Nos. 59, 60, 64, 65, 82, 88, 92, 95, 96, 97, 104, 105, 108.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**